# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE AT KNOXVILLE

| | |
|---|---|
| OHIO NATIONAL LIFE ASSURANCE CORPORATION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 3:12-CV-257 ) |
| MICA M. EDENFIELD, KARA L. EDENFIELD, and C.E., a minor by his mother and natural guardian, Kara L. Edenfield, | ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT FOR INTERPLEADER

Comes the Plaintiff, Ohio National Life Assurance Corporation ("ONLAC"), by and through counsel, and hereby files this Complaint for Interpleader. As a basis for its Complaint, ONLAC states as follows:

### I. PARTIES

1. ONLAC is a foreign corporation authorized to do business in the state of Tennessee. ONLAC is incorporated and has its principal place of business in Ohio.

2. Defendant Mica M. Edenfield was married to and is a survivor of James M. Edenfield, deceased. Upon information and belief, Defendant Mica M. Edenfield is a citizen and resident of Tennessee and can be served with process at 447 Mariner Point Drive, Clinton, TN 37716.

3. Defendant Kara L. Edenfield was previously married to and is a survivor of James M. Edenfield, deceased. Upon information and belief, Defendant Kara L. Edenfield is a citizen and resident of Tennessee and can be served with process at 4823 River Place Drive, Knoxville, TN 37914.

754081.1

4. Defendant C.E. is a surviving child of Kara L. Edenfield and James M. Edenfield, deceased. Upon information and belief, Defendant C.E. is a citizen and resident of Tennessee and can be served with process through his mother and next friend, Kara L. Edenfield, at 4823 River Place Drive, Knoxville, TN 37914.

5. The life insurance policies at issue in this matter are as follows:

   A. Policy No. 6420088 issued by ONLAC on January 1, 1999 to James M. Edenfield as owner and insured in the amount of $500,000.00 with the current beneficiary designated as Mica M. Edenfield. A copy of Policy No. 6420088 is attached hereto as Exhibit "A."

   B. Policy No. 6859566 issued by ONLAC on May 19, 2008 to First Choice, Inc. and subsequently transferred to James M. Edenfield as owner and insured in the amount of $500,000.00 with the current beneficiary designated as Mica M. Edenfield. A copy of Policy No. 6859566 is attached hereto as Exhibit "B."

6. James M. Edenfield, deceased, was insured under the policies, and at the time of his death Mica M. Edenfield was designated as the beneficiary under the terms of Policy No. 6420088 and Policy No. 6859566. Mr. Edenfield died on February 29, 2012. At the time of his death, Mr. Edenfield was married to the Defendant in this matter, Mica M. Edenfield, and had been previously married to the Defendant in this matter, Kara L. Edenfield. Defendant C.E. was a child born of the marriage between Kara L. Edenfield and the decedent.

## II. JURISDICTION AND VENUE

7. This court has jurisdiction under 28 U.S.C. § 1132(a) because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8. Venue is proper in this court pursuant to 28 U.S.C. § 1391 because the Defendants reside in this district and a substantial part of the events giving rise to this action occurred in this district.

### III. CAUSES OF ACTION

9. This action is brought pursuant to 28 U.S.C. § 1335 and Rule 22 of the Federal Rules of Civil Procedure. Pursuant to applicable law, ONLAC through this interpleader action seeks to deposit with the court the insurance policy benefits payable under the subject policies as a result of the death of James M. Edenfield.

10. This action is also brought pursuant to Rule 57 of the Federal Rules of Civil Procedure and, pursuant to that Rule, ONLAC is requesting this court to declare the rights and legal relations of all interested parties regarding the proceeds of the policies. ONLAC avers that the Defendants named in this Complaint are the only parties known to have a potential interest in the insurance benefits and each of the Defendants have asserted competing claims to the proceeds payable in accordance with the terms and provisions of the policies.

### IV. FACTS

11. On January 1, 1999, ONLAC issued life insurance Policy No. 6420088 to James M. Edenfield. At the time the policy was issued, James M. Edenfield was married to Kara L. Edenfield.

12. On May 19, 2008, ONLAC issued life insurance Policy. No. 6859566 to First Choice, Inc. and, on January 28, 2010, ownership of the policy was changed to James M. Edenfield. At the time the policy was issued, Defendant Mica M. Edenfield was married to the insured decedent, James M. Edenfield.

13. Throughout the existence of the subject policies, the decedent exercised the right to change the policies and beneficiaries to include the following changes:

A. On Policy No. 6420088, Kara L. Edenfield was designated as beneficiary at the time of issue; on July 26, 2000 the beneficiary was changed to C.E., and on February 11, 2002, Mica M. Edenfield was designated as the beneficiary.

B. Initially, a policy was issued on March 7, 2002 as Policy No. 6618788 in the amount of $250,000.00 to James M. Edenfield as owner/insured with Kara L. Edenfield, ex-wife, as beneficiary. On November 29, 2004, the beneficiary was changed to Mica M. Edenfield, spouse. On May 19, 2008, Policy No. 6618788 was terminated and a new policy was issued, being Policy No. 6859566 in the amount of $750,000.00 with First Choice, Inc. designated as owner and beneficiary. On October 1, 2008, the Death Benefit was reduced to $500,000.00 and, on January 28, 2010, the owner was changed to James M. Edenfield with Mica M. Edenfield, spouse, designated as beneficiary.

14. Following the death of James M. Edenfield, each of the Defendants made claims for the aforesaid insurance death benefits under the subject policies. Attached hereto as Composite Exhibit "C" are copies of the demand presented by Defendants Kara L. Edenfield and C.E. on May 11, 2012 and the demand presented by Mica M. Edenfield on May 16, 2012.

15. Due to the conflicting claims of the Defendants requesting payment of the death benefits due and owing under the policies, ONLAC requests this court to allow the insurance proceeds in the amount of $1,000,000.00 to be deposited into the registry of the court subject to the judgment of the court as it relates to the distribution of the proceeds and thereby discharge ONLAC from any further obligations under the terms and provisions of the subject policies.

16. The conflicting claims presented by the Defendants may expose ONLAC to double or multiple liability, thereby requiring ONLAC to interplead the insurance proceeds, subject to the court's approval, into the registry of the court.

4

17. ONLAC disavows any interest in the death benefit of the policies and is prepared to deposit with the registry of the court a check in the amount of $1,000.000.00 representing the full amount of the proceeds due under the policies as a result of James M. Edenfield's death.

WHEREFORE, ONLAC prays as follows:

A. That the court accept jurisdiction over this matter and declare the rights of the Defendants and any other proper parties that may seek to recover the insurance benefits due and owing under the policies;

B. That the court enter an Order allowing ONLAC to deposit with the registry of the court a check in the amount of $1,000,000.00 together with applicable interest, such amount representing full payment of the insurance benefits due and payable under the policies;

C. That, upon such deposit into the registry of the court, ONLAC be discharged from all further liability with respect to the policies as a result of the death of James M. Edenfield relating to the claims of the Defendants and any other proper parties that seek to recover the insurance benefits under the policies;

D. That the court, in its discretion, award ONLAC's reasonable attorneys' fees and expenses incurred in filing this action; and

E. That the court grant such further relief as it may deem just and proper.

Respectfully submitted this 29 day of May, 2012.

        WOOLF, McCLANE, BRIGHT,
        ALLEN & CARPENTER, PLLC

By: _____
    Luis C. Bustamante, BPR No. 015326
    Katherine F. Layman, BPR No. 029165

Post Office Box 900
Knoxville, Tennessee 37901-0900
(865) 215-1000

Attorneys for Ohio National Life Assurance Corporation

6

754081.1