UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| OHIO NATIONAL LIFE ASSURANCE CORPORATION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| MICA M. EDENFIELD, KARA L. EDENFIELD, and KARA L. EDENFIELD as next friend for MINOR, C.E., | ) ) ) ) ) |
| Defendants. | ) ) No.: 3:12-CV-257-TAV-CCS |
| MICA M. EDENFIELD, | ) ) ) |
| Cross-Plaintiff, | ) ) ) |
| v. | ) ) |
| KARA L. EDENFIELD and KARA L. EDENFIELD as next friend for MINOR, C.E., | ) ) ) ) |
| Cross-Defendants. | ) |

## MEMORANDUM OPINION

This interpleader action is before the Court on Cross-Plaintiff's Motion for Summary Judgment [Doc. 34]. Cross-plaintiff moves for judgment as a matter of law, pursuant to Rule 56 of the Federal Rules of Civil Procedure, as to her claim that she is entitled to the life insurance proceeds that have been deposited in the Court's registry by plaintiff Ohio National Life Assurance Corporation ("ONLAC"). Cross-defendants have

not responded to the motion, and their time in which to do so has passed. E.D. Tenn. R. 7.1, 7.2. For the reasons that follow, the Court will grant cross-plaintiff's motion, declare that she is the sole beneficiary of the relevant life insurance policies, and direct that the proceeds of the policies on deposit in the Court's registry be released to her.

I. Facts

This case involves two life insurance policies that James M. Edenfield held with plaintiff ONLAC at the time of his death in 2012: policy numbers 6420088 and 6859566. [Doc. 1 p. 2; Doc. 35 p. 2–3].

Mr. Edenfield was married to, and subsequently divorced from, cross-defendant Kara Edenfield [Doc. 35 p. 1]. During their marriage, Mr. Edenfield and Kara Edenfield had a son, cross-defendant C.E. [*Id.*]. On January 1, 1999, ONLAC issued life insurance policy number 6420088, in the amount of $500,000, to Mr. Edenfield, with Kara Edenfield as the beneficiary [Doc. 1 p. 2–4; Doc. 1-1 p. 9, 32]. On July 26, 2000, the beneficiary of this policy was changed to C.E. [Doc. 1 p. 4; Doc. 1-1 p. 29].

Kara Edenfield received an absolute divorce from Mr. Edenfield on October 9, 2001, in the Chancery Court of Knox County, Tennessee [Doc. 34-1]. On January 18, 2002, Mr. Edenfield applied for a life insurance policy from ONLAC in the amount of $250,000, with C.E. as the beneficiary [Doc. 27-1; Doc. 27-2; Doc. 35 p. 2]. The policy was subsequently issued as policy number 6618789 [*Id.*]. On February 11, 2002, the beneficiary of life insurance policy number 6420088 was changed from C.E. to cross-plaintiff Mica Edenfield [Doc. 1 p. 4; Doc. 1-1 p. 22].

2

On May 8, 2003, the Chancery Court entered a Final Order and a Permanent Parenting Plan in the divorce action [Doc. 34-3; Doc. 34-4]. The Final Order mandated the entry of the Permanent Parenting Plan, which in turn required Mr. Edenfield to "insure his own life in the minimum amount of $250,000, whole life or term, which may not decrease in face amount during the minority of any child" [Doc. 34-3 p. 2–3; Doc. 34-4 p. 7]. The Permanent Parenting Plan further provided that "[t]he policy shall name Mother as trustee for the minor child as primary beneficiaries of the coverage required by the Court" [*Id.*].

On March 31, 2008, ONLAC issued life insurance policy number 6859566, in the amount of $750,000, to First Choice, Inc., with Mr. Edenfield as the insured [Doc. 1-2 p. 10]. On October 1, 2008, the death benefit for policy number 6859566 was reduced from $750,000 to $500,000 [Doc. 1 p. 4; Doc. 1-2 p. 24–25]. On January 28, 2010, the owner of policy number 6859566 was changed from First Choice, Inc., to Mr. Edenfield, with Mica Edenfield as the beneficiary [Doc. 1 p. 4; Doc. 1-2 p. 21].

At the time of Mr. Edenfield's death in 2012, policy numbers 6420088 and 6859566 each had a face value of $500,000 and listed Mica Edenfield as the beneficiary [Doc. 1 p. 2; Doc. 1-1; Doc. 1-2; Doc. 35 p. 2–3]. Policy number 6618789 had a face value of $250,000 and listed C.E. as the beneficiary [Doc. 13 p. 3; Doc. 23 p. 2; Doc 27-1; Doc. 27-2; Doc. 35 p. 2]. Kara Edenfield obtained an Order of Guardianship from the Chancery Court of Knox County, Tennessee, entitling her to collect the proceeds of policy number 6618789 on behalf of C.E. [Doc. 13 p. 3; Doc. 23 p. 2; Doc. 35 p. 2].

3

ONLAC received claims on the life insurance benefits under policy numbers 6420088 and 6859566 from Kara Edenfield and C.E. on May 11, 2012, and from Mica Edenfield on May 16, 2012 [Doc. 1 p. 4; Doc. 1-3; Doc. 13 p. 4; Doc. 23 p. 3]. ONLAC initiated this action on May 29, 2012, seeking to discharge its obligations under life insurance policy numbers 6420088 and 6859566 [Doc. 1]. In conjunction with its interpleader complaint, ONLAC moved to deposit the proceeds of life insurance policy numbers 6420088 and 6859566 into the Court's registry [Doc. 2]. The Court granted the motion [Doc. 3], and ONLAC subsequently deposited $1,013,356.35 on June 15, 2012. Neither cross-plaintiff nor cross-defendants answered ONLAC's complaint. The Court granted ONLAC's motion to be dismissed from this action on August 10, 2012, and ordered that the case be closed due to the absence of any additional matters for adjudication [Doc. 8].

On October 9, 2012, cross-plaintiff moved to reopen the case [Doc. 10], which the Court granted [Doc. 12]. Cross-plaintiff subsequently filed a cross-complaint, seeking a declaration that she is the sole beneficiary of insurance policy numbers 6420088 and 6859566 and an order awarding her the proceeds of those policies [Doc. 13]. Cross-defendants filed an answer and a counter cross-complaint, seeking a declaration and order that Kara Edenfield, as guardian for C.E., is entitled to $250,000 of the proceeds of those policies for the benefit of C.E. [Doc. 23]. The Court thereafter entered an agreed order directing the Clerk of Court to issue a check drawn from the proceeds on deposit in the

4

Court's registry in the amount of $9,459.45 for the funeral expenses of Mr. Edenfield [Doc. 28]. Cross-plaintiff's present motion followed [Doc. 34].

## II. Standard of Review

Although cross-defendants have not responded to cross-plaintiff's motion for summary judgment, the Court nevertheless examines the motion in order to ensure that cross-plaintiff has discharged her burden for judgment as a matter of law. *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991).

Summary judgment under Rule 56 of the Federal Rules of Civil Procedure is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is material if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists if a reasonable trier of fact could find in favor of the non-moving party. *Id.* The moving party bears the burden of establishing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Moore v. Phillip Morris Cos.*, 8 F.3d 335, 339 (6th Cir. 1993). Accordingly, all facts and all inferences to be drawn from them must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 310 F.3d 937, 942 (6th Cir. 2002).

The Court's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper

question for the fact finder. *Anderson*, 477 U.S. at 249–50. Thus, the Court does not weigh the evidence or determine the truth of the matter. *Id.* at 249. The Court also does not "search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–80 (6th Cir. 1989). In short, "[t]he inquiry performed is the threshold inquiry of determining whether there is a need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a trier of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

**III. Analysis**

The record in this case establishes that cross-plaintiff was listed as the sole beneficiary of ONLAC life insurance policy numbers 6420088 and 6859566, each with a face value of $500,000, at the time of Mr. Edenfield's death. Cross-defendants have pleaded that C.E. is entitled to $250,000 of the proceeds from these insurance policies because Mr. Edenfield either canceled policy number 6420088 naming C.E. as the beneficiary, or reduced its face value from $500,000 to $250,000, in contravention of the Final Order and the Permanent Parenting Plan entered by the Chancery Court of Knox County, Tennessee, on May 8, 2003 [Doc. 23 p. 2, 4–6].

As an initial matter, the Court notes that the insurance documents for policy number 6420088 reflect that the coverage amount remained at $500,000 throughout the life of the policy [Doc. 1-1]. In any event, C.E. is not entitled to a portion of the life

6

Case 3:12-cv-00257-TAV-CCS   Document 37   Filed 05/20/15   Page 6 of 9   PageID #: 314

insurance proceeds at issue in this case regardless of whether Mr. Edenfield at one point canceled or reduced the face value of policy number 6420088.

In Tennessee, "an enforceable agreement, such as a marital dissolution agreement, which mandates that an individual be listed as a beneficiary of a life insurance policy existing at the time of the agreement vests in that individual an equitable interest in the designated policy." *Holt v. Holt*, 995 S.W.2d 68, 72 (Tenn. 1999). If a decedent has violated such an agreement by failing to hold the designated life insurance policy, the contemplated beneficiary has "a vested right to any life insurance policy obtained by the Decedent that satisfies the mandate in the decree." *Id.* at 77.

Here, the Permanent Parenting Plan provided, in relevant part, that Mr. Edenfield would "insure his own life in the minimum amount of $250,000, whole life or term, which may not decrease in face amount during the minority of any child" [Doc. 34-4 p. 7]. Prior to the entry of the Permanent Parenting Plan, Mr. Edenfield obtained life insurance policy number 6618789 in the amount of $250,000, naming C.E. as the beneficiary. The Permanent Parenting Plan did not require Mr. Edenfield to hold a particular life insurance policy. Rather, it required him to hold a particular amount of coverage—at least $250,000—during the minority of any child. Policy number 6618789 satisfied this requirement independently of policy numbers 6420088 and 6859566.

Nothing in the record suggests that C.E. ever had an expectancy, much less a vested interest, in policy numbers 6420088 and 6859566 on or after the date that the Permanent Parenting Plan was entered. *See Bell v. Bell*, 896 S.W.2d 559, 562 (Tenn. Ct.

7

Case 3:12-cv-00257-TAV-CCS   Document 37   Filed 05/20/15   Page 7 of 9   PageID #: 315

App. 1994) (explaining that a beneficiary of a life insurance policy generally has an expectancy in the benefits of the policy, unless the policy holder is prohibited from changing the beneficiary, in which case the beneficiary has a vested interest). Mica Edenfield was listed as the sole beneficiary of policy number 6420088 on and after the date that the Permanent Parenting Plan was entered. Policy number 6859566 did not exist until after the Permanent Parenting Plan was entered, and Mica Edenfield was the only beneficiary ever listed for it. Thus, neither policy falls within the life insurance provision of the Permanent Parenting Plan.

Moreover, C.E. has already secured his equitable interest in the proceeds of Mr. Edenfield's life insurance policies, because Kara Edenfield obtained an Order of Guardianship from the Chancery Court entitling her to collect $250,000 on C.E.'s behalf from policy number 6618789. C.E. is not entitled to more. *See Hudgins v. Unumprovident Corp.*, 2005 WL 2452589, at *6 (M.D. Tenn. Oct. 4, 2005) (finding under Tennessee law that a decedent's former wife was entitled to life insurance proceeds in the amount specified by a divorce decree, but not to proceeds exceeding that amount).

Accordingly, cross-defendants do not have an interest in the proceeds of ONLAC life insurance policy numbers 6420088 and 6859566.

IV. **Conclusion**

For these reasons, Cross-Plaintiff's Motion for Summary Judgment [Doc. 34] will be **GRANTED**. The Court will **DECLARE** that cross-plaintiff is the sole beneficiary of Ohio National Life Assurance Corporation life insurance policy numbers 6420088 and

8

6859566.  Additionally, the Court will **AWARD** cross-plaintiff the remaining proceeds of Ohio National Life Assurance Corporation life insurance policy numbers 6420088 and 6859566 on deposit in the Court's registry.  Finally, the Court will **DIRECT** the Clerk of Court to **DISBURSE** those funds to cross-plaintiff and **CLOSE** this case.

    ORDER ACCORDINGLY.

                                s/ Thomas A. Varlan
                                CHIEF UNITED STATES DISTRICT JUDGE

9

Case 3:12-cv-00257-TAV-CCS   Document 37   Filed 05/20/15   Page 9 of 9   PageID #: 317