UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| OHIO NATIONAL LIFE ASSURANCE CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| MICA M. EDENFIELD, KARA L. EDENFIELD, and KARA L. EDENFIELD as next friend for MINOR, C.E., | ) ) ) ) | |
| Defendants. | ) ) | No.: 3:12-CV-257-TAV-CCS |
| MICA M. EDENFIELD, | ) ) | |
| Cross-Plaintiff, | ) ) | |
| v. | ) ) | |
| KARA L. EDENFIELD and KARA L. EDENFIELD as next friend for MINOR, C.E., | ) ) ) ) | |
| Cross-Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This interpleader action is before the Court on Cross-Defendants' Motion for Relief from Order Entered on May 20, 2015, and Entered as a Judgment on May 20, 2015 [Doc. 39]. Cross-defendants move the Court, pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, to relieve them from the judgment awarding cross-plaintiff the entirety of the life insurance proceeds at issue in this case [Doc. 38]. Cross-plaintiff has

responded in opposition to cross-defendants' motion [Doc. 40]. Cross-defendants have not replied, and their time in which to do so has passed. E.D. Tenn. R. 7.1.

The facts of this case are summarized in the Court's memorandum opinion entered contemporaneously with its judgment [Doc. 37]. On September 26, 2014, cross-plaintiff moved for summary judgment [Doc. 34] as to her claim that she is the sole owner of the proceeds of Ohio National Life Assurance Corporation ("ONLAC") life insurance policy numbers 6420088 and 6859566, which ONLAC had placed on deposit in the Court's registry. Cross-defendants did not timely respond to the motion for summary judgment. They still had not filed a response when the Court granted cross-plaintiff's motion for summary judgment on May 20, 2014 [Doc. 37; Doc. 38].

Cross-defendants argue that they should be granted relief from the judgment because they had been conducting settlement negotiations with cross-plaintiff since April 27, 2015 [Doc. 39 p. 1]. Cross-defendants submit their proposed response to cross-plaintiff's motion for summary judgment with their motion for relief [Doc. 39-1].

"Rule 60(b) of the Federal Rules of Civil Procedure is a litigant's exclusive avenue when seeking relief from a judgment or order." *Computer Leasco, Inc. v. NTP, Inc.*, 194 F. App'x 328, 334 (6th Cir. 2006) (citing *United States v. Beggerly*, 524 U.S. 38, 46 (1998)). The rule provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1)   mistake, inadvertence, surprise, or excusable neglect;

2

> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). As a general matter, "relief under Rule 60(b) is 'circumscribed by public policy favoring finality of judgments and termination of litigation.'" *Blue Diamond Coal Co. v. Trs. of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (quoting *Waifersong Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)).

The catchall provision of subsection (6), under which cross-defendants move for relief, applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989) (citing *Pierce v. United Mine Workers*, 770 F.2d 449, 451 (6th Cir. 1985)). "'The decision to grant Rule 60(b)(6) relief is a case-by-case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of final judgments and the incessant command of the court's conscience that justice be done in light of all the facts.'" *McGuire v. Warden, Chillicothe Corr. Inst.*, 738 F.3d 741, 750 (6th Cir. 2013) (quoting *Thompson v.*

3

*Bell*, 580 F.3d 423, 442 (6th Cir. 2009)). "[R]elief under Rule 60(b)(6) should be granted only in unusual and extreme situations where principles of equity *mandate* relief." *GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007) (citations omitted) (internal quotation marks omitted).

Here, the sole basis that cross-defendants offer in support of their request for relief is that the parties had been conducting settlement negotiations since April 27, 2015, when the judgment was entered on May 20, 2015. Cross-defendants' time to respond to cross-plaintiff's motion for summary judgment expired in October 2014. E.D. Tenn. R. 7.1. Cross-defendants neither explain why they could not file a timely response to cross-plaintiff's motion for summary judgment, nor why the existence of settlement negotiations prevented them from filing a late response. Moreover, cross-defendants do not account for the six months that passed between the expiration of their time to respond to the motion for summary judgment and the start of settlement negotiations. Therefore, the Court finds that cross-defendants have not offered a sufficient basis for relief under Rule 60(b)(6).

Additionally, the Court notes that its decision to award judgment in favor of cross-plaintiff was not based on cross-defendants' failure to respond to the motion for summary judgment. Rather, the Court examined the motion for summary judgment in order to ensure that cross-plaintiff had discharged her burden of showing that she was entitled to judgment as a matter of law, and found that she had [Doc. 37 p. 6–8]. *See Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991) ("[A] district court cannot grant summary

4

judgment in favor of a movant simply because the adverse party has not responded."). Even if the Court were to consider cross-defendants' proposed response to the motion for summary judgment, the Court would find that cross-plaintiff is entitled to judgment as a matter of law.

For these reasons, the Court concludes that no relief under Rule 60(b)(6) is warranted. Accordingly, cross-defendants' Motion for Relief from Order Entered on May 20, 2015, and Entered as a Judgment on May 20, 2015 [Doc. 39] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
CHIEF UNITED STATES DISTRICT JUDGE